■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN RIVERA, Also Known as GERMAN RIVERA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Wilowsky, J.), rendered August 18, 1980, convicting him of criminal sale of a controlled substance in the first degree (two counts) and criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The main prosecution witness was undercover Police Officer George Reich who testified to the facts of three drug purchases he transacted with him as well as to his conversations with the defendant during negotiations surrounding the drug sales. On appeal, the defendant argues, *inter alia,* that portions of Reich's testimony concerning him constituted evidence of uncharged crimes which deprived him of a fair trial. Although defendant's

brief recites a number of such statements by the undercover officer, the record reveals that defense counsel interposed objection to only two of them. One of the objected to items was a statement by Reich to the effect that the defendant was also "dealing in guns". While it is true that the defendant was not accused of selling guns, it appears that defense counsel opened the door for such testimony. During cross-examination, defense counsel, in an effort to impeach Reich's testimony elicited from Reich that he had not recorded any of his conversations with defendant. In order to explain why none of his conversations with defendant had been recorded, Reich, in response to a question put to him on redirect examination, testified that he had not worn a tape recording device because he knew the defendant was also "dealing in guns" and thus feared for his safety. The court sustained defense counsel's objection to the statement. Defense counsel requested no further instructions from the court. Moreover, in an attempt to impeach Reich, defense counsel had read a portion of Reich's Grand Jury testimony, including a statement by him concerning a gun he was to buy from the defendant, thereby bringing the matter of a gun or guns to the jury's attention.

The only other statement objected to by defense counsel pertained to the definition of the word "mule". Reich testified that in the course of his conversations with the defendant, the defendant asked him if he were interested in purchasing a kilo of cocaine in California. Defendant proposed that they fly to California together and transport the drugs to New York. Claiming that he was "used to all these kinds of transactions" defendant attempted to reassure Reich and urge him to consent to the proposition. No objection was raised to such testimony. The sole statement challenged on appeal concerning the proposed trip to California to which defense counsel objected at trial was Reich's testimony that defendant stated he could guarantee the safety of the trip because of his experience as a "mule", i.e., a long distance courier. Criminal Term refused to strike that term from the record and permitted the undercover officer to define it to the jury. In view of the overwhelming evidence of guilt, we deem harmless the trial court's error, if any, in refusing to strike the term "mule". (See *People v Hinchey,* 86 AD2d 748; *People v Crimmins,* 36 NY2d 230.)

Inasmuch as no objections were raised at the trial concerning the other statements alluded to by defendant in his brief, any claim with respect thereto has not been preserved for appellate review and in light of the afore-mentioned overwhelming evidence of guilt, we decline to exercise interest of justice analysis

to reach the question. (See *People v Jones,* 77 AD2d 913, affd 55 NY2d 771.) Finally, we have reviewed the defendant's remaining contentions and find them to be without merit. Titone, J. P., Lazer, Mangano and Niehoff, JJ., concur.