■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX VELEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered February 3, 1983, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

On this appeal, defendant contends that Criminal Term erred in denying his motion to suppress identification testimony because a witness was shown his photograph at the scene of the crime and his lineup was tainted. First, the witness saw the defendant prior to the crime and following the crime pursued him. When the police arrived, he gave them a description. The police requested that he remain on the scene while they investigated. In approximately one hour, they returned with a photograph and showed it to the witness, who immediately identified the defendant. The facts do not demonstrate that there was any suggestiveness in showing the photograph to the witness while his memory was fresh and a quick verification of identity could be made (People v Acevedo, 102 AD2d 336).

Second, defendant argues that an Assistant District Attorney committed error when, in requesting the witness's presence at the lineup, he said: "if you can pick out the same fellow you

identified in the photo". The lineup was conducted in the presence of defendant's counsel with nothing suggestive said to the witness. Under such circumstances, the statement by the Assistant District Attorney was not of such nature that it invalidated the lineup procedure, which was fairly conducted. We have reviewed defendant's contention with regard to the sentence being excessive and find it to be without merit (*cf. People v Suitte,* 90 AD2d 80). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.