■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK FERNANDEZ, Appellant. 

Defendant's challenge to the validity of his guilty plea, raised for the first time on appeal, is not preserved for appellate review as a matter of law (*People v Claudio,* 64 NY2d 858; *People v Pellegrino,* 60 NY2d 636). In any event, defendant's claim that he was impelled to plead guilty as a result of duress is not supported by the record (*cf. People v Flowers,* 30 NY2d 315). Neither his statements at the plea allocution nor at sentencing as to his not receiving medical treatment for an injury sustained by him prior to the commission of the instant offense reflects that his desire to plead guilty was motivated by his need for treatment or transfer to a State institution (*see, People v Lowrance,* 41 NY2d 303, 304-305). Furthermore, there exists no factual basis for sustaining defendant's claim that Criminal Term should have recognized that he may have been an incapacitated person and therefore directed an examination pursuant to CPL article 730.

Finally, because defendant pleaded guilty prior to the conducting of a hearing to determine the admissibility of identification testimony, defendant's plea constituted a waiver of a right to have such suppression issue decided (*People v Corti,* 88 AD2d 345). Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.

Criminal Term properly concluded that an independent source existed for the complainant's in-court identification (*see, United States v Wade,* 388 US 218; *People v Fernandez,* 82 AD2d 922).

We have considered defendant's other contentions and find them to be without merit. Thompson, J. P., Bracken, O'Connor and Weinstein, JJ., concur.