THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL CAMACHO, Appellant.

Defendant contends that it was error not to suppress the complaining witness's in-court identification of him since there was no sufficient independent basis for it. The record reveals that there was indeed a sufficient independent basis for admitting the in-court identification testimony. The witness testified that the robbery occurred on a bright sunny afternoon. He observed defendant for four or five minutes during the robbery. The People "establish[ed] by clear and convincing evidence that the in-court identification [was] based upon observations of the suspect other than the [suppressed] identification" (*United States v Wade,* 388 US 218, 240), and the in-court identification was therefore properly admitted (*see, People v Cobenais,* 39 NY2d 968; *People v Ganci,* 27 NY2d 418, *cert denied* 402 US 924; *People v Ballott,* 20 NY2d 600).

We have considered defendant's other contentions and find them to be without merit. Lazer, J. P., O'Connor, Weinstein and Brown, JJ., concur.