■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RUDOLPH GROSS, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered April 13, 1983, convicting him of attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant contends that the evidence of his guilt was insufficient, particularly in view of the unreliability of the prosecution's eyewitnesses. Viewing the evidence in the light most favorable to the prosecution, as we must, a rational trier of fact could have found, as did the jury at bar, that the People proved every essential element of the crimes (*see, People v Malizia,* 62 NY2d 755, 757, *cert denied* __ US __, 105 S Ct 327; *People v Contes,* 60 NY2d 620; *People v Piro,* 106 AD2d 667). As we have noted, "[t]he resolution of questions relating to the credibility of witnesses is properly a function of the jury and * * * may not be overturned lightly on appeal" (*People v Rodriguez,* 72 AD2d 571; *see also, People v Bigelow,* 106 AD2d 448).

We have considered defendant's remaining contentions and find them to be without merit. Lazer, J. P., Gibbons, O'Connor and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN ISAAC, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Mirabile, J.), rendered May 17, 1979, convicting him of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]), upon a jury verdict, and imposing sentence.

Judgment affirmed.

There was more than ample evidence from an independent source " 'connect[ing] the defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplice is telling the truth' " (*People v Moses,* 63 NY2d 299, 306, quoting from *People v Daniels,* 37 NY2d 624, 630; CPL 60.22 [1]; 1 NY CJI 7.52). We have examined defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Weinstein and Niehoff, JJ., concur.