■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL JEROME, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kuffner, J.), rendered April 6, 1983, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Upon this record, there is no basis to warrant our interference with the factual determinations of the court made at defendant's *Wade/Huntley* hearing (*see, e.g., People v Prochilo,* 41 NY2d 759; *People v Armstead,* 98 AD2d 726). Consequently, the record adequately supports that court's legal determination that the statements made by defendant to the police were a result of a knowing and voluntary waiver of his rights after sufficient warning by the arresting officers (*see, e.g., People v Williams,* 62 NY2d 285, 287, 289-290).

Nor does the record support defendant's contention that the pretrial identification procedures were unduly suggestive. Ordinarily, it is incumbent upon the People to preserve a photo array so that a court may determine whether the procedure employed was unduly suggestive (*see, e.g., People v Barber,* 96 AD2d 1112; *People v Foti,* 83 AD2d 641). Here, however, the complainant came to the police precinct within hours of the crime and was shown approximately 1,000 photographs over a period of two days, resulting in his identification of defendant. The sheer volume and scope of this procedure militates against the presence of suggestiveness and the undue burden of preserving and producing an array of this size justified the People's failure to produce it at the *Wade* hearing. In addition, both the complainant and the officer who showed him the photographs were subjected to cross-examination as to the nature of the photographs shown to complainant without any resulting indication that the photographs were suggestive in any way. Indeed, this procedure was conducted at a point in the investigation where the police had not yet focused upon any particular suspect. Thus, the likelihood of a suggestive procedure is significantly diminished.

Furthermore, the arresting officer's intimation to the complainant that the man whose photograph he had selected three days earlier would be in one of the two lineups he later viewed does not itself warrant suppression of the lineup identification (*see, e.g., People v Rodriguez,* 64 NY2d 738, 740-741; *People v Logan,* 25 NY2d 184, 192, *cert denied* 396 US 1020). Although this is a practice to be discouraged, the record discloses the inherent reliability of the various identifications of defendant

made by the complainant, rendering this error harmless (*see, e.g., People v Crimmins,* 36 NY2d 230).

We have examined defendant's remaining contentions and find them to be without merit. Mollen, P. J., Rubin, Lawrence and Kunzeman, JJ., concur.