THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND L. STROUD, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered April 2, 1984, convicting him of robbery in the first degree and petit larceny, upon a jury verdict, and imposing sentence.

Judgment affirmed.

In reviewing the evidence underlying a criminal conviction, the standard to be applied is whether, after viewing the evidence in the light most favorable to the People, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt (see, People v Contes, 60 NY2d 620; People v Herriot, 110 AD2d 851). It is well settled that the resolution of questions relating to the credibility of witnesses is a proper function of the trier of fact and should not be overturned lightly on appeal (see, People v Bussey, 111 AD2d 403; People v Gross, 111 AD2d 873). The record shows that the jury, aware of the evidence presented and the discrepancies therein, decided the issue of credibility in favor of the People.

With respect to the trial court's ruling allowing a witness to make an in-court identification of the defendant, we find that such was proper as the pretrial identification procedure employed by the police was not conducive to "a very substantial likelihood of irreparable misidentification" (see, Simmons v United States, 390 US 377, 384). No photographs of the defendant had been presented in the first array viewed by the witness. The second array, which included two nonidentical photographs of the defendant, contained 128 pictures. No further identification procedures were employed. Considering the above in conjunction with the fact that the police had not, at that time, focused upon the defendant as a particular suspect, the likelihood that the procedure was impermissibly suggestive was significantly diminished (see, People v Jerome, 111 AD2d 874). In any event, the People established, by clear and convincing evidence, an independent basis for an in-court identification of the defendant in that the complainant had ample opportunity, during the course of the crime, to view the defendant in a well-lit area (see, People v Whisby, 48 NY2d 834; People v Camacho, 110 AD2d 844). We also find that the

trial court properly admitted into evidence a photograph of the defendant taken two weeks prior to the robbery as the sole purpose and effect thereof was to establish his appearance on the date of the crime *(see, People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020; *People v Laguer,* 58 AD2d 610).

The defendant has not preserved for appellate review his contention that the trial court made improper comments *(see,* CPL 470.05). In any event, the comments were not prejudicial to the defendant but were "a legitimate exercise of the court's prerogative to control the proceedings before it" *(see, People v Fernandez,* 110 AD2d 657, 658; *see also, People v Moulton,* 43 NY2d 944; *People v De Jesus,* 42 NY2d 519).

Finally, the sentence imposed cannot be termed either harsh or excessive under the facts of this case *(see, People v Farrar,* 52 NY2d 302). Rubin, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.