THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

HERBERT REDDY, Appellant.

The evidence presented to the hearing court supports its conclusion that the identification procedures conducted by the police were not so suggestive as to warrant suppression of the complainant's identification testimony at trial. We are unpersuaded by the defendant's contention that the lineup was tainted merely because a police officer, approximately two months earlier, had told the complainant that it would probably be necessary for him to view a lineup of the persons whose photographs he selected as having been two of the three perpetrators of the robbery *(see, People v Rodriguez,* 64 NY2d 738, 741; *People v Jerome,* 111 AD2d 874). There is also no merit to the claim that the complainant was improperly advised of the fact that he selected the same person in the lineup whose photograph he had previously chosen, since the record clearly establishes that this information was imparted to the complainant only *after* he viewed the lineup and made the identification.

Although the trial court erroneously ruled that defense counsel could not argue to the jury during her summation that the lineup was suggestive, we find that under the circumstances at bar, the error was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230; *cf. People v Ruffino,* 110 AD2d 198).

Since the defendant failed to object to the allegedly improper remark made by the prosecutor during his summation concerning defendant's prior arrest, the issue has not been preserved for our review *(see,* CPL 470.05 [2]; *People v Santiago,* 52 NY2d 865; *People v Baldo,* 107 AD2d 751), and, in any event, the defendant was not deprived of a fair trial *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837; *People v Rivera,* 106 AD2d 590). Mangano, J. P., Weinstein, Lawrence and Eiber, JJ., concur.