■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERNELL HAMMOND, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered June 29, 1984, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of imprisonment of from 8⅓ to 25 years and from 1⅓ to 4 years, respectively. The appeal brings up for review the denial (Goldstein, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress the complainant's identification testimony.

Ordered that the judgment is modified as a matter of discretion in the interest of justice, by reducing the sentence imposed on the defendant's conviction of robbery in the first degree to 6 to 18 years' imprisonment; as so modified, the judgment is affirmed.

The defendant's challenge to the hearing court's Wade ruling is without merit. The mere fact that the investigating police officer advised the complainant that the man whose

photograph she had selected would be in the lineup does not render the ensuing lineup impermissibly suggestive *(see, People v Rodriquez,* 64 NY2d 738; *People v Velez,* 109 AD2d 767). The hearing court's finding that there was no contact between the complainant and the defendant at the station house prior to the identification is amply supported by the hearing testimony, as is its finding that all of the participants in the lineup were of similar appearance.

We further concur with the court's determination that the complaining witness had an independent basis upon which to make an in-court identification of the defendant. The complainant testified that the robbery took place in a well-lit area and lasted between 5 and 8 minutes, during which time she and the defendant were only a foot apart.

The defendant's contention that his guilt was not proven beyond a reasonable doubt is also unpersuasive. The testimony of the defendant and his alibi witnesses merely presented a question of credibility for the jury to determine. Upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The sentence was excessive to the extent indicated. We have considered defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be without merit. Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.