■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EBENEZER WIREDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered July 7, 1986, convicting him of assault in the first degree, criminal possession of a weapon in the fourth degree (two counts) and menacing, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Giaccio, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant was charged with having stabbed Venus Torres in the abdomen, causing serious injury which required emergency surgery and a colostomy. Additionally, he was

alleged to have menaced the victim's companion, a 14-year-old boy, with a gun and grabbed another boy by the shirt while threatening him with a knife. Eight days after the attack, three eyewitnesses independently chose the defendant's photograph from among hundreds of photographs matching the defendant's general description. At a lineup the same evening, the three again independently identified the defendant as the assailant. At trial, the three witnesses and the victim herself identified the defendant.

The defendant's contention that the pretrial lineup identification should be suppressed as impermissibly suggestive is without merit. The fact that the witnesses had knowledge prior to the lineup that the man whose photograph they had selected would be included in the lineup did not, in and of itself, render the lineup impermissibly suggestive (see, People v Rodriguez, 64 NY2d 738; People v Hammond, 131 AD2d 876, lv denied 70 NY2d 800). Moreover, the photographic array from which the witnesses chose the defendant's photograph could in no way be termed suggestive. Each witness independently viewed hundreds of photographs without consulting the others and each chose the defendant (see, People v Jerome, 111 AD2d 874, lv denied 66 NY2d 764). In any event, the evidence at the hearing clearly establishes that each of the three eyewitnesses and the victim had an independent basis for an in-court identification of the defendant (see, e.g., People v Adams, 53 NY2d 241, 252).

Upon our examination of the record herein, we conclude that the conduct of the prosecution in this case did not deprive the defendant of a fair trial. No trial is completely error free (see, People v Crimmins, 36 NY2d 230). The test for determining whether prosecutorial misconduct deprived a defendant of a fair trial "focuses on the quantum and nature of the proof, and the likelihood that, if the error had not been committed, the outcome would have been different" (People v Wood, 66 NY2d 374, 380). In the case at bar, the alleged misconduct, when balanced against the strong showing of the defendant's guilt, leads us to conclude that any error was harmless.

The defendant's contention that the third and fourth counts of the indictment duplicated each other and omitted the victims' names, mandating dismissal of one of the counts, is without merit. In modern practice, failure to meet all the requirements of an indictment is not fatal. Missing information may be furnished by voluntary disclosure or requested in a bill of particulars (see, People v Morris, 61 NY2d 290, 293;

*People v Iannone,* 45 NY2d 589; *People v Fitzgerald,* 45 NY2d 574, *rearg denied* 46 NY2d 837). In this case, the voluntary disclosure form supplied information as to the facts underlying the third and fourth counts of the indictment, including the names of the victims. If the defendant did not avail himself of the opportunity to move for a bill of particulars requesting more specificity in the third and fourth counts of the indictment, he may not be heard to complain at this juncture *(see, People v Davis,* 127 AD2d 782, 783, *lv granted* 69 NY2d 957, 1003).

Finally, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80, 84). Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.