■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD SMITH, Appellant

The defendant's claim that a detective's statement to the complainant that a photograph of the defendant would be included in the photopack compromised the validity of the identification and, consequently, tainted the lineup identification, is without merit. It is well settled that an identification is not automatically contaminated by an officer's remark that a subject is in custody (People v Rodriguez, 64 NY2d 738, 740; People v Logan, 25 NY2d 184, 192, cert denied 396 US 1020). Similarly, advising a witness that the photo of a particular individual who was a suspect and whose name and face the witness had not yet had the occasion to connect, would be included in a photo array, is not fatal to the propriety of the procedure. Moreover, even if the photo identification had been suggestive it would not have tainted the subsequent lineup identification. Significantly, the lineup was held approximately two months thereafter and was thus sufficiently attenuated in time to nullify any possible taint (see, People v Watts, 130 AD2d 695, 696, lv denied 70 NY2d 718; People v Ruffino, 110 AD2d 198, 201). Further, the officer's statement to the

complainant that Ronald Smith would appear in the lineup did not diminish the validity of the identification. That the complainant knew the defendant, whose photo had been included in the array, would be in the lineup did not necessarily imply to him that he had chosen the "right man" from the photos displayed to him and did not present a serious risk of influencing the witness's identification of the defendant from the lineup *(see, People v Rodriguez, supra,* at 740-741; *People v Reddy,* 124 AD2d 835, 836; *People v Wilson,* 111 AD2d 940; *People v Jerome,* 111 AD2d 874, *lv denied* 66 NY2d 764).

Nor were the identification procedures rendered unduly suggestive by virtue of the groups of photographs and persons used therein. Our examination of the photo array as well as a photo of the lineup reveals that the hearing court properly concluded that they were "comprised of six male blacks whose individual age, coloring and physical characteristics were consistent with the description" provided by the complainant.

The defendant further challenges the legal sufficiency of the verdict on the basis that the complainant's testimony was incredible as a matter of law and of fact. He further contends that the jury should not have credited the complainant's testimony particularly when contrasted with that of the defense witness. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury *(see, People v Gaimari,* 176 NY 84, 94), whose determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.