■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL JOHNSTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Putnam County (Braatz, J.), rendered August 27, 1986, convicting him of murder in the second degree (two counts), sexual abuse in the first degree (two counts), and unauthorized use of a vehicle in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress identification testimony and certain statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's statements to the police were properly found to be admissible as they were spontaneous, voluntary and not made in response to any police questioning.

We find that the hearing court properly permitted an in-court identification of the defendant by a witness who, on the night that the victim disappeared, had spoken with defendant at a location less than a mile from where the victim's body and her car were subsequently found. There is no indication that the police engaged in any suggestive conduct with respect to the identification procedures utilized (see, People v Velez, 109 AD2d 767). Further, the evidence clearly established that the witness's in-court identification of the defendant had an independent source in that she was able to observe the defendant at close range in a well-lit area for approximately five minutes (see, People v Adams, 53 NY2d 241; People v Stroud, 121 AD2d 484).

Viewing the circumstantial evidence in this case in the light most favorable to the prosecution and giving the prosecution the benefit of every reasonable inference to be drawn there-

from *(People v Lewis,* 64 NY2d 1111; *People v Way,* 59 NY2d 361), we find that it was legally sufficient to establish the defendant's guilt.

The circumstantial evidence was wholly inconsistent with the defendant's innocence and excluded to a moral certainty every reasonable hypothesis other than that he killed the victim in her home in New York during the course of a sexual assault, concealed her body in her own bed linen, and transported the body in the victim's car to Connecticut where he attempted to dispose of it. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

In addition, we find that the defendant was not unduly prejudiced or deprived of a fair trial due to his appearance before the jury in shackles. The trial court's refusal to remove the restraints was justified by the defendant's prior conduct and did not constitute an abuse of discretion *(see, People v Mendola,* 2 NY2d 270, 275). Furthermore, the court properly instructed the jury to disregard the restraints and to base its verdict solely on the evidence *(see, People v Gonzalez,* 115 AD2d 899, 901, *appeal dismissed* 68 NY2d 995; *People v Hart,* 112 AD2d 471).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.