■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRESTON HARRINGTON, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered May 17, 1988, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and inculpatory statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The evidence adduced at the suppression hearing established that the defendant's arrest was predicated upon probable cause. Upon responding to the scene of a shooting at a Burger King restaurant, the arresting police officer observed the fatally wounded victim lying behind the counter and immediately conducted a search of the restaurant. He apprehended the defendant shortly after the crime in an area furnishing access to an outside loading dock for the restaurant and adjacent stores. The defendant matched the radio-transmitted description of the assailant in most material respects, which included sex, race, clothing, and a distinctive facial feature—a beard. Contrary to the defendant's contention, the officer had information sufficient to support a reasonable belief that a criminal offense had been committed and that the defendant was the perpetrator (see, People v Jones, 149 AD2d 970; People v Dennis, 125 AD2d 325; cf., People v Riddick, 110 AD2d 787).

Furthermore, there is no basis for disturbing the hearing court's finding that the inculpatory statement made by the defendant to the arresting officer, while being escorted back inside the restaurant, was spontaneous and unsolicited. The police officer neither asked the handcuffed defendant any questions nor engaged in any course of conduct subtly designed to elicit a statement from him (see, People v Johnston, 147 AD2d 589; People v Bryant, 87 AD2d 873, 874, affd 59 NY2d 786). We also reject the defendant's argument that the confession he made to Detective Allen while in an ambulance en route to the hospital should have been suppressed as violative of his Miranda rights. Prior to the defendant making the confession, Detective Allen had fully advised defendant of his constitutional rights. Although the defendant had sus-

tained a self-inflicted gunshot wound, the ambulance medical technician's testimony does not substantiate the defendant's claim that his medical condition precluded him from making a voluntary and knowing waiver of his *Miranda* rights *(see, People v Wilkins,* 147 AD2d 729, 731).

Lastly, we find no error in the County Court's failure to order, *sua sponte,* an examination of the defendant pursuant to CPL article 730 to determine if the defendant was competent, prior to accepting his plea of guilty to the reduced charge of manslaughter in the first degree, and imposing sentence. The defendant was composed and expressed himself rationally and coherently during the plea and sentencing proceedings *(see, People v Palmer,* 143 AD2d 469). There is no evidence that the defendant had ever been treated or confined in a hospital for any mental disease or defect *(cf., People v Jones,* 134 AD2d 701). His attempted suicide shortly after shooting his ex-girlfriend does not establish that he lacked the capacity to understand the proceedings against him *(see, People v Carbone,* 159 AD2d 511; *People v Dudasik,* 112 AD2d 20). A review of the record discloses no basis to question the defendant's competence. Lawrence, J. P., Kunzeman, Rubin and Rosenblatt, JJ., concur.