■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINTON FAULK, Appellant. [597 NYS2d 148] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Lange, J.), rendered January 12, 1990, convicting him of burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress certain identification testimony, since the People met their burden of establishing the reasonableness of the police conduct and the lack of suggestiveness in the pretrial identification procedure (see, People v Rosa, 65 NY2d 380; People v Dodt, 61 NY2d 408; People v Berrios, 28 NY2d 361; People v Jackson, 108 AD2d 757). The People's failure to preserve all three books of photographs viewed by the witnesses does not mandate a different result. Although it is ordinarily incumbent upon the People to preserve a photographic array to enable a court to determine whether the identification procedure employed was unduly suggestive (see, People v Foti, 83 AD2d 641), in a situation where, as here, a witness views several books of photographs, "[t]he sheer volume and scope of [the] procedure militates against the presence of suggestiveness" (People v Jerome, 111 AD2d 874; see, People v Livieri, 171 AD2d 815; People v Wiredo, 138 AD2d 652).

The defendant's contention that he was deprived of a fair trial by the arresting officer's testimony regarding his post-arrest conduct is unpreserved for appellate review, since defense counsel failed to object to the trial court's limiting instructions (see, CPL 470.05 [2]; People v Snyder, 124 AD2d 394). In any event, while equivocal, the evidence tended to prove the People's contention that the defendant fled from the police because he was guilty of the instant crime (see, People v Yazum, 13 NY2d 302; People v Limage, 57 AD2d 906, affd 45 NY2d 845). Any ambiguity, as well as the limited probative worth of that evidence, was made perfectly clear to the jury by the trial court's lengthy limiting instructions (see, People v Yazum, 13 NY2d 302, supra; People v Yaghnam, 135 AD2d 763; People v Price, 135 AD2d 750).

We have examined the defendant's remaining contentions, including those raised in his supplemental pro se brief, and

find them to be unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.