■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINTON NOWLIN, Appellant. [654 NYS2d 493] —Judgment unanimously affirmed. Memorandum: The People met their burden of establishing the lack of suggestiveness of an undercover Deputy Sheriff's identification of defendant from a mug book containing approximately 200 photographs. The mug book was produced at the *Wade* hearing, and the witness identified defendant's photograph as the one he had selected after viewing the book on the night that he made two purchases of crack cocaine from a man he identified as defendant. The fact that the witness could not state unequivocally that every other photograph in the mug book produced at the hearing was in the book from which he made the identification does not require a different result. The sheer volume and scope of the identification procedure "militates against the presence of suggestiveness" (*People v Jerome,* 111 AD2d 874, *lv denied* 66 NY2d 764; *see also, People v Faulk,* 192 AD2d 717, *lv denied* 81 NY2d 1072). In any event, the testimony of the witness that he was able to view defendant's face for several minutes in a lighted area during each drug sale is sufficient to support County Court's determination that the witness had an independent basis to make an in-court identification of defendant.

The bargained-for sentence is neither unduly harsh nor severe, and we decline to exercise our power to modify the sentence as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [b]). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Doerr, Balio and Fallon, JJ.