■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMANTHA HUNTE, Appellant. [714 NYS2d 331] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leach, J.), rendered July 23, 1997, convicting her of robbery in the first degree, robbery in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dunlop, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the complainant's identification testimony should have been suppressed because the People did not produce the photograph binders from which she identified the defendant. However, since the defendant failed to raise this issue at the Wade hearing (*see, United States v Wade,* 388 US 218), it is unpreserved for appellate review (*see, People v Andrews,* 255 AD2d 328; *People v Rodriguez,* 148 AD2d 759). In any event, the hearing record establishes that the complainant selected the defendant's photograph from binders containing over 100 photographs of black females, which had not been compiled specifically for this case. Under these circumstances, the "sheer volume and scope of this procedure militates against the presence of suggestiveness" (*People v Jerome,* 111 AD2d 874; *see also, People v Nowlin,* 236 AD2d 886; *People v Burgos,* 204 AD2d 344; *People v Mason,* 138 AD2d 411).

The defendant's further claim, that the prosecutor engaged in misconduct during cross examination and summation, is largely unpreserved for review since in most instances she made only general objections, did not request curative instructions when objections were sustained, and did not make a timely motion for a mistrial based upon the grounds asserted on appeal (*see, People v Davis,* 272 AD2d 408; *People v Garcia,* 268 AD2d 596; *People v Hinckson,* 266 AD2d 404). In any event, the defendant was not deprived of a fair trial by the allegedly improper conduct (*see, People v Jones,* 275 AD2d 330; *People v Morris,* 244 AD2d 361). O'Brien, J. P., Friedmann, Krausman and Schmidt, JJ., concur.