■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MACK, Appellant. [730 NYS2d 437] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered July 29, 1999, convicting him of attempted murder in the second degree, assault in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rosengar-

ten, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We agree with the determination of the hearing court that the items seized from the defendant's bedroom should not have been suppressed. The items were properly seized pursuant to the "plain view" doctrine (*see, People v Diaz,* 81 NY2d 106, 110), and properly recovered in a search incident to a lawful arrest (*see, People v Belton,* 55 NY2d 49, 53). The defendant's contention that the trial court erred in admitting the items into evidence on the ground of relevancy is unpreserved for appellate review since he failed to raise the issue before the trial court (*see,* CPL 470.05 [2]; *People v Rivera,* 106 AD2d 590).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Goldstein, J. P., Friedmann, McGinity and Adams, JJ., concur.