■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ASHBY, Appellant. [735 NYS2d 715] —Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered January 18, 2000, convicting him of murder in the second degree (three counts), assault in the first degree, robbery in the first degree (two counts), robbery in the second degree, and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly determined that the pretrial identification procedures employed in this case were not unduly suggestive (see, People v Cosme, 125 AD2d 485). The sheer volume and scope of the photographic identification procedure utilized here, pursuant to which the complainant viewed hundreds of photographs of men who were of the same race and a similar age as the defendant, militates against suggestiveness (see, People v Williams, 143 AD2d 162; People v Ludwigsen, 128 AD2d 810; People v Jerome, 111 AD2d 874). The defendant's further contention that the complainant's selection of his photograph was unduly influenced by the presence of her husband, a nonidentifying witness, who sat next to her as she viewed the photographs, is also without merit (see, People v Garry, 269 AD2d 158; cf., People v Leite, 52 AD2d 895).

The lineup identification procedure conducted by the police was not unduly suggestive. The photograph taken of the lineup shows that the fillers sufficiently resembled the defendant in age and physical characteristics (see, People v Chipp, 75 NY2d 327, cert denied 498 US 833; People v Keller, 242 AD2d 735; People v Folk, 233 AD2d 462; People v Christenson, 188 AD2d 659; People v Smith, 140 AD2d 647). Contrary to the defendant's contention, the complainant's pretrial lineup identification of him made almost four years after the crime and without hesitation on her part, was not tainted by her prior photographic identification (see, People v Young, 167 AD2d 366; People v Allah, 158 AD2d 605). Neither was the lineup identification tainted by a detective's remarks to the complainant's son that a suspect would appear in the lineup, even assuming that such remarks were, in fact, communicated to the complainant (see, People v Rodriguez, 64 NY2d 738; People v Smith, supra; People v Jerome, supra).

In light of this determination, we need not reach the

defendant's remaining contention. O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.