■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMED AFFSER, Also Known as MOHAMMAD AFFSER, Appellant. [765 NYS2d 530] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered June 14, 2001, convicting him of sexual abuse in the first degree, endangering the welfare of a child, and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient is, in part, unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that he was denied the effective assistance of counsel is without merit. A review of the record in its entirety without giving undue significance to retrospective analysis indicates that the defendant received meaningful and effective representation (*see People v Henry,* 95 NY2d 563 [2000]; *People v Baldi,* 54 NY2d 137 [1981]).

The defendant's contentions that reversal is required based on the prosecutor's improper questioning of prosecution witnesses, her cross-examination of the defendant and his witnesses, the prosecutor's inappropriate remarks and gestures during the trial, and certain comments during her summation are largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Davis,* 277 AD2d 248 [2000]; *People v Hunte,* 276 AD2d 717, 718 [2000]). In any event, while a few of the prosecutor's questions, remarks, and comments were improper, the prosecutor's conduct does not require reversal (*see People v Hunte, supra*).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Altman, J.P., Krausman, Goldstein and Luciano, JJ., concur.