■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TITUS HAYNES, Appellant. [790 NYS2d 542]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered May 6, 2003, convicting him of robbery in the first degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

The police were justified in stopping the taxicab in which the defendant was a passenger after observing the cab traveling in an erratic fashion at a high rate of speed (*see People v Robinson*, 97 NY2d 341 [2001]; *People v Ingle*, 36 NY2d 413 [1975]). Further, it was reasonable for the police to direct all passengers, including the defendant, to exit the taxicab as a safety precaution (*see People v Robinson*, 74 NY2d 773 [1989], *cert denied* 493 US 966 [1989]; *People v McLaurin*, 70 NY2d 779 [1987]). Once the police observed a gun located in plain view on the back seat of the taxicab, the police had probable cause to arrest the defendant and to search the vehicle (*see People v Major*, 267 AD2d 251, 251-252 [1999]). Therefore, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the gun seized from the taxicab.

Also unpersuasive is the defendant's argument that the lineup was unduly suggestive. The hearing court properly determined that the photograph of the lineup did not reveal any significant differences in the appearances of the fillers that would cause the defendant to stand out from the others (*see People v Lundquist*, 151 AD2d 505, 506 [1989]). Further, any age disparity among the fillers did not present a substantial risk of misidentification (*see People v Gairy*, 116 AD2d 733 [1986]).

Although the trial court erroneously ruled that defense counsel could not refer to the alleged suggestiveness of the lineup during cross examination or summation, the error was harmless in light of the overwhelming proof of the defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]; *People v*

*Reddy,* 124 AD2d 835 [1986]). H. Miller, J.P., Cozier, S. Miller and Fisher, JJ., concur.