■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD JOHNSON, Appellant. [830 NYS2d 784]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered December 20, 2004, convicting him of robbery in the first degree, robbery in the second degree, endangering the welfare of a child, and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Grosso, J.), after a hearing (O'Dwyer, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that testimony concerning a pretrial lineup identification procedure should have been suppressed because a detective informed the complainant that the suspect he had previously selected from a photographic array would be in the lineup. However, that fact, in and of itself, did not render the lineup impermissibly suggestive where, as here, the identification procedure followed in the lineup was proper (*see People v Martinez*, 151 AD2d 786 [1989]; *People v Ballard*, 140 AD2d 529, 530 [1988]; *People v Wiredo*, 138 AD2d 652, 653 [1988]; *People v Hammond*, 131 AD2d 876, 877 [1987]; *People v Jerome*, 111 AD2d 874 [1985]; cf. *People v Davis*, 169 AD2d 508 [1991]). We further note that the complainant selected the defendant from the lineup two months after selecting his photograph from the array. In addition, the complainant's sister, who witnessed the incident giving rise to the charges in this case, separately selected the defendant's photograph from the array and separately identified him in the lineup. Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the identification testimony. For the same reasons, contrary to the defendant's contention, the Supreme Court did not err in failing to determine whether there was an independent source for the complainant's in-court identification of the defendant. Miller, J.P., Schmidt, Ritter and Angiolillo, JJ., concur.