■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL WARREN, Appellant. [854 NYS2d 742]—

Appeal by the defendant from a judgment of the Supreme

Court, Westchester County (West, J.), rendered March 9, 2001, convicting him of murder in the second degree and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's argument that the lineup procedure was unduly suggestive is unpreserved for appellate review because he failed, at the *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]), to raise the specific grounds upon which he now challenges the procedure (*see People v Washington,* 40 AD3d 1136, 1137 [2007]; *People v Mack,* 13 AD3d 653 [2004]; *People v Villacreses,* 12 AD3d 624, 625 [2004]; *People v Saunders,* 306 AD2d 502 [2003]; *People v Velez,* 222 AD2d 625 [1995]). In any event, there is no basis for the defendant's contention that the Assistant District Attorney's question to the witness, which recited the time and place of the incident, implied that one of the participants in the lineup "was in fact present at that time and place." Even if such an implication was communicated, an identification is not "automatically contaminated" by a remark that a suspect is in custody or that a suspect will appear in the lineup (*People v Rodriguez,* 64 NY2d 738, 740-741 [1984]; *see People v Ashby,* 289 AD2d 588 [2001]; *People v Martinez,* 151 AD2d 786, 787 [1989]; *People v Smith,* 140 AD2d 647 [1988]; *People v Wiredo,* 138 AD2d 652, 653 [1988]). Under the totality of the circumstances of this case, the lineup procedure was not unduly suggestive (*see People v Bier,* 16 AD3d 698 [2005]; *People v Ashby,* 289 AD2d 588 [2001]; *People v Martinez,* 151 AD2d at 787; *People v Smith,* 140 AD2d 647 [1988]; *People v Wiredo,* 138 AD2d at 653).

The defendant's contention that the prosecution failed to adduce legally sufficient evidence of his identity as the perpetrator of the crime is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Carter,* 44 AD3d 677, 679 [2007]; *People v James,* 35 AD3d 762 [2006]; *People v Dieppa,* 285 AD2d 558 [2001]; *People v White,* 192 AD2d 736 [1993]). In any event, the contention is without merit. The eyewitness had an unobstructed view of the perpetrators, during the day, from across the street, and twice made eye contact with them as they were leaving the scene. The eyewitness picked the defendant's photograph from a photographic array and later identified him in a lineup. Although the eyewitness was initially equivocal during the lineup procedure, he ultimately identified the defendant with certainty. The identification evidence was corroborated by the testimony

of a witness whom the defendant had tried to recruit to participate in the robbery prior to the incident and to whom the defendant later admitted having shot the victim. Moreover, the defendant admitted to later possessing the gun used in the incident. "View[ing this evidence] in [a] light most favorable to the People" (*People v Williams,* 84 NY2d 925, 926 [1994]), a "valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder" (*id.; see People v Lambert,* 272 AD2d 413, 414 [2000]; *People v Neale,* 245 AD2d 392 [1997]; *People v Gilliam,* 232 AD2d 654 [1996]; *People v Mercado,* 134 AD2d 292 [1987]; *People v Caban,* 120 AD2d 603 [1986]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]; *People v Hoffman,* 2 AD3d 749 [2003]; *People v Young,* 296 AD2d 588, 592-593 [2002]; *People v Lambert,* 272 AD2d 413, 414 [2000]; *People v Gilliam,* 232 AD2d at 654; *People v White,* 192 AD2d at 737; *People v Carr,* 220 AD2d 521, 522 [1995]).

The court's imposition of the maximum allowable sentence was not an improvident exercise of discretion, despite the fact that the codefendant received a lesser sentence, given the evidence tending to establish that the defendant was the shooter and the defendant's extensive, violent criminal history (*see People v Goolsby,* 213 AD2d 722, 723 [1995]; *People v Powers,* 173 AD2d 886, 890 [1991]; *People v Merchant,* 171 AD2d 887, 888 [1991]; *People v Brown,* 136 AD2d 1, 17 [1988], *cert denied* 488 US 897 [1988]; *see generally People v Suitte,* 90 AD2d 80, 83 [1982]). Rivera, J.P., Ritter, Carni and Leventhal, JJ., concur.