■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROLYN WHEATON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her of assault in the first degree. She raises several grounds of error, all of which are either unpreserved, lacking in merit or harmless.

Defendant's challenge to the court's supplemental charge on justification has not been preserved for review and, in any event, is lacking in merit. In part of its initial charge, the court instructed the jury to determine whether, at the time she shot the victim, defendant reasonably believed that the victim was committing or attempting to commit an assault of a serious nature upon her person or a rape upon her person. At the close of the charge, the prosecutor requested the court to recharge and to read Penal Law § 35.15 (2), employing the language "deadly physical force" rather than "assault of a serious nature". Defense counsel objected, stating that the charge was correct as given. The court, nevertheless, made a supplemental charge in which it substituted the term "deadly physical force" for the assault language used in the original charge. He did not repeat the entire charge, in which all of the principles of a justification defense were clearly stated, but merely corrected that one element of the charge. Defendant argues for the first time on appeal that the court's supplemental charge failed to include the subjective standard endorsed by the Court of Appeals in *People v Goetz* (68 NY2d 96), but merely instructed as to the objective standard. The court's charge on justification, when taken as a whole, clearly explained the standard as set out in *Goetz,* consisting of both the subjective and objective components.

Defense counsel unsuccessfully sought to establish that defendant's mother had been fatally stabbed. Defendant now contends that it was error to exclude such testimony because it was relevant to her state of mind, relying on language in *People v Goetz (supra,* at 114). Reference to *Goetz* is based on the court's discussion of the fact that, when a defendant asserts a justification defense, determination of the reasonableness of defendant's actions must be based on the circumstances facing him at the time of his act and that relevant circumstances may include his prior life experiences *(People v Goetz, supra,* at 114-115). The evidence which defendant sought to present is not within the ambit of the court's ruling in *Goetz.* She sought to establish that she knew that her mother had suffered a violent death. That incident did not

involve either defendant or the victim and is not probative on a claim of self-defense *(People v Reynoso,* 73 NY2d 816, 818).

The rebuttal evidence introduced by the People was entirely proper. The theory of the prosecution was that defendant shot the victim because he was attempting to break off their long-term affair. Defendant contended that she did not have a sexual relationship with the victim but shot him to ward off his attempt to rape her. She denied that the victim had ever made advances to her before and specifically denied that the victim's wife had observed her and the victim embracing in July 1984. On rebuttal, the People introduced the testimony of the victim's wife, who testified that she saw her husband and defendant embracing in a doorway one evening in July 1984. This was proper rebuttal as it tended to controvert proof offered by the defense on its direct case and could have been introduced by the People as part of their affirmative case *(see, People v Harris,* 57 NY2d 335, 345).

The cross-examination of defendant by the prosecutor did not shift the burden of proof. The prosecutor's inquiry whether defendant's live-in boyfriend would be testifying was an attempt to establish the basis for a missing witness inference and thus was entirely proper *(see, People v De Jesus,* 42 NY2d 519, 525; *People v Rodriguez,* 38 NY2d 95, 98).

It was error to allow the victim to testify over objection about statements which he had given to police which were consistent with his trial testimony. That testimony was hearsay and also constituted improper bolstering; nevertheless, such error was harmless. The statements added little to the victim's testimony and defense counsel himself elicited testimony regarding those statements. There was no significant probability that the jury would have acquitted defendant absent the victim's prior statements *(see, People v Johnson,* 57 NY2d 969, 970; *People v Crimmins,* 36 NY2d 230, 242). (Appeal from judgment of Supreme Court, Monroe County, Davis, J.—assault, first degree.) Present—Callahan, J. P., Doerr, Denman, Balio and Lawton, JJ.