■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CAVALLO, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of two counts of rape in the first degree and one count of assault in the second degree, defendant contends that his motion to strike rebuttal proof offered by the People should have been granted. We disagree. By having a friend testify, defendant sought to prove that he could not have committed

the crime because he was at that friend's home having breakfast. In rebuttal, the People put in proof that the driving distance from that witness's home to the scene of the crime was about six tenths of a mile, or two minutes' driving time. This proof was properly received because it tended to controvert a fact that defendant affirmatively sought to prove *(see, People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047; *People v Wheaton,* 148 AD2d 931, 932, *lv denied* 74 NY2d 853; *cf., People v Booker,* 134 AD2d 949, 950, *lv denied* 70 NY2d 953). Even if the evidence was not properly received on rebuttal, the court was authorized to vary the order of proof *(see,* CPL 260.30 [7]; *People v Alvino,* 71 NY2d 233, 248; *People v Harris, supra,* at 345).

Defendant's argument that the People's failure to give notice of the rebuttal witness pursuant to CPL 250.20 was reversible error is unpreserved, and we decline to reach it in the interest of justice.

We have examined defendant's remaining arguments on appeal, including his *pro se* arguments, and find them to be without merit. (Appeal from judgment of Erie County Court, D'Amico, J.—rape, first degree.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.