■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY GERMEO, Appellant.—Judgment unanimously affirmed. Memorandum: Upon our review of the record, we conclude that defendant's convictions of the various crimes charged in the indictment, relating to the May 9, 1990 attack on defendant's estranged wife's paramour, are supported by legally sufficient evidence. Contrary to defendant's contention, the testimony of the accomplices was not incredible as a matter of law *(see, People v Shedrick,* 104 AD2d 263, 274; *affd* 66 NY2d 1015; *People v Stroman,* 83 AD2d 370, 373). Further, defendant's conviction of assault in the second degree is supported by legally sufficient evidence establishing that the victim's injuries were caused by a dangerous instrument *(see,* Penal Law § 120.05 [2]; § 10.00 [13]). Additionally, there was no error in the admission of the testimony of one of the accomplices regarding conversations he had with defendant between February and May 1990 to support defendant's conviction of criminal solicitation in the fourth degree *(see,* Penal Law § 100.05 [1]). Upon assessing " 'the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' ", we further conclude that the jury did not fail "to give the evidence the weight it should be accorded" *(People v Bleakley,* 69 NY2d 490, 495).

The trial court did not err in admitting the testimony of the People's fingerprint expert. Defense counsel was provided with a copy of the fingerprint test results prior to trial, and therefore, the People complied with CPL 240.20 (1) *(see, People v Lyons,* 150 AD2d 804, *lv denied* 74 NY2d 813). Finally, the People met their burden of disproving defendant's alibi de-

fense beyond a reasonable doubt *(see, People v Wintje,* 68 NY2d 637, 638; *People v Victor,* 62 NY2d 374, 378; *cf., People v Oakes,* 168 AD2d 984, 985, *lv denied* 78 NY2d 957). (Appeal from Judgment of Orleans County Court, Dadd, J.—Burglary, 1st Degree.) Present—Denman, P. J., Callahan, Boomer, Balio and Davis, JJ.