■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GREEN, Appellant. [632 NYS2d 352] —Judgment unanimously affirmed. Same Memorandum as in People v Pierce (219 AD2d 856 [decided herewith]). (Appeal from Judgment of Erie County Court, Rogowski, J.—Assault, 2nd Degree.) Present—Lawton, J. P., Fallon, Callahan, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT GREEN, Appellant. [632 NYS2d 995] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of rape in the second degree (Penal Law § 130.30), defendant contends that reversal is required because the jury "selectively dissected" the testimony of the 13-year-old victim. That contention lacks merit. The credibility of the victim was a question for the jury and the jury was entitled to credit certain portions of the victim's testimony that it deemed worthy of belief and reject the rest (see, People v Rose, 215 AD2d 875; see also, People v Reed, 40 NY2d 204, 208).

Defendant further contends that reversal is required because of the "hopeless contradictions" in the testimony of the prosecution witnesses. He argues that their testimony must be rejected as incredible as a matter of law. That contention lacks merit. It cannot be said that the testimony is " ' "incredible and unbelievable, that is, impossible of belief because it is manifestly untrue, physically impossible, contrary to experi-

ence, or self-contradictory" ' " *(People v Stroman,* 83 AD2d 370, 373, quoting *People v Garafolo,* 44 AD2d 86, 88; *see, People v Briggs,* 190 AD2d 995, 996, *lv denied* 81 NY2d 1011). "Minor inconsistencies in the testimony of prosecution witnesses do not render that testimony incredible as a matter of law" *(People v Robinson,* 209 AD2d 1041, *lv denied* 84 NY2d 1037). Here, minor inconsistencies in the testimony of the prosecution witnesses presented questions of credibility for resolution by the jury *(see, People v Barr,* 216 AD2d 890).

Lastly, we conclude that, under the circumstances of this case, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Cattaraugus County Court, Himelein, J.— Rape, 2nd Degree.) Present—Lawton, J. P., Fallon, Callahan, Davis and Boehm, JJ.