■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VON JUNICE BURKS, Appellant. [643 NYS2d 796] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, defendant contends that the jury's verdict is against the weight of the evidence because the People failed to disprove his alibi beyond a reasonable doubt. "Determination of the credibility of witnesses is a task within the province of the jury, and its judgment should not be lightly disturbed" (*People v DeJac*, 219 AD2d 102, 106, citing *People v Gruttola*, 43 NY2d 116, 122). The jury was free to disbelieve defendant's alibi witnesses and to credit instead the testimony that defendant was regularly at the home where the two drug sales occurred (*see generally, People v Germeo*, 188 AD2d 1027, 1027-1028; *People v Marquez*, 168 AD2d 393, *lv denied* 77 NY2d 997; *cf., People v Oakes*, 168 AD2d 984, 985, *lv denied* 78 NY2d 957; *People v Salva*, 156 AD2d 953).

Defendant further contends that County Court erred in allowing testimony on rebuttal concerning oral statements of defendant for which no CPL 710.30 notice had been given. Those statements, admissions that defendant resided at the home where the drug transactions occurred, fall within the pedigree exception to the notice requirement of CPL 710.30 (*see, People v Rodney*, 85 NY2d 289, 293). Moreover, no CPL 710.30 notice was required because the statements were not used as evidence-

in-chief, but instead were used on rebuttal to impeach defendant's contrary testimony (*see, People v Mitchell,* 155 AD2d 879, *lv denied* 76 NY2d 739). Even assuming, arguendo, that the statements could have been offered as evidence-in-chief, there was no error in receiving them on rebuttal (*see, People v Harris,* 57 NY2d 335, 345-346, *cert denied* 460 US 1047; *People v Cavallo,* 167 AD2d 884, 885, *lv denied* 77 NY2d 876). (Appeal from Judgment of Wayne County Court, Sirkin, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Wesley, Callahan, Doerr and Boehm, JJ.