■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY MALLORY, Appellant. (Appeal No. 2.) [652 NYS2d 561] —Judgment unanimously affirmed. Same Memorandum as in *People v Mallory* (234 AD2d 913 [decided herewith]). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Denman, P. J., Lawton, Callahan, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN L. EVERETT, Also Known as CHOO CHOO, Appellant. [651 NYS2d 792] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree and criminal possession of a weapon in the second degree. He contends that the verdict is contrary to the weight of the evidence because the only proof that he intentionally shot the victim was the contradictory testimony of an eyewitness who was biased. We disagree. That eyewitness testimony, though inconsistent in some respects, was not incredible as a matter of law (*see, People v Bell*, 190 AD2d 1032, *lv denied* 81 NY2d 881; *People v Germeo*, 188 AD2d 1027; *People v Christian* [appeal No. 1], 139 AD2d 896,· *lv denied* 71 NY2d 1024), and the credibility of the witness and the weight to be accorded the testimony were matters for jury resolution (*see, People v Gruttola*, 43 NY2d 116, 122; *People v Green*, 219 AD2d 856). Although a contrary verdict would not have been unreasonable, we perceive no reason to disturb the jury verdict (*see, People v Bleakley*, 69 NY2d 490, 495). The remaining contention that the sentence is unduly harsh or severe lacks merit. (Appeal from Judgment of Erie County Court, D'Amico, J.—Murder, 2nd Degree.) Present—Denman, P. J., Lawton, Callahan, Balio and Boehm, JJ.