■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE MCCRAY, Appellant. [665 NYS2d 219] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in permitting a police investigator to testify at trial that, two days after defendant was searched for drugs in a locker room at the county jail, a bag of cocaine was found on top of a locker in that room. No charges were filed relating to those drugs, and defendant contends that the prejudicial effect of the investigator's testimony outweighed its probative value. Inasmuch as defendant did not object to the court's ruling that defense counsel had opened the door to the testimony in question, the contention is unpreserved for our review (*see,* CPL 470.05 [2]). In any event, because the proof of guilt is overwhelming and there is no significant probability that defendant would otherwise have been acquitted, any error with

respect to the investigator's testimony is harmless (*see, People v Crimmins*, 36 NY2d 230, 242; *People v Wheaton*, 148 AD2d 931, 932, *lv denied* 74 NY2d 853).

Defendant further contends that the court erred in denying his request for an agency charge on counts four and seven of the indictment, both of which charged criminal sale of a controlled substance in the third degree. We disagree. There is no reasonable view of the evidence that defendant was acting only on behalf of the buyer, an undercover police officer with whom he engaged in two hand-to-hand drug transactions (*see, People v Herring*, 83 NY2d 780, 782).

The evidence at trial, when viewed in the light most favorable to the People (*see, People v Williams*, 84 NY2d 925, 926), is legally sufficient to support defendant's conviction (*see, People v Bleakley*, 69 NY2d 490, 495), and the verdict is not against the weight of the evidence (*see, People v Bleakley, supra,* at 495). Finally, based on our review of the record, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Genesee County Court, DiTullio, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Hayes, Doerr, Balio and Fallon, JJ.