■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISHAM MOORE, Appellant. [669 NYS2d 687] —White, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered August 28, 1996, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

We affirm defendant's conviction of the crime of promoting prison contraband in the first degree. The trial evidence discloses that on November 26, 1995 defendant was involved in an altercation with another inmate on the second floor of G block* in Elmira Correctional Facility in Chemung County. As Correction Officer James Locker was proceeding to the scene of the altercation, defendant passed by him apparently intending to return to his cell. Locker observed something in defendant's hand and ordered him to stop. Defendant refused, continuing on until Locker caught him and pinned him against the gallery screening that runs from the floor to the ceiling. At this point, defendant tossed an object through the screening onto the first floor. Locker noticed that the object was a thin piece of metal or plastic and directed Correction Officer Jerry Barton to retrieve it. Barton instructed the correction officers on the first floor to keep the area where the object landed clear and within 30 seconds he picked up a single edge razor blade. Significantly, Locker testified that the razor never left his sight as it lay on the first floor. Other evidence established that the razor was contraband that an inmate was not allowed to possess.

---

* G block consists of a courtyard with four floors of cells on each side. Each floor has two galleries that contain about 38 cells each.

Defendant argues that his conviction based on this proof is against the weight of the evidence since the correction officers' testimony was unreliable due to inconsistencies between their trial testimony and previous sworn testimony. Inasmuch as the inconsistent testimony related only to peripheral issues such as how defendant attempted to conceal the razor and the location where it landed on the first floor, we do not find the testimony to be incredible as a matter of law and, thus, the credibility of the witnesses and the weight accorded their testimony were properly matters for jury resolution (*see, People v Everett*, 234 AD2d 915; *People v Green*, 219 AD2d 856). Accordingly, viewing the trial evidence in a neutral light with due deference being accorded to the jury's resolution of the credibility issues, we are satisfied that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Rose*, 215 AD2d 875, 877, *lv denied* 86 NY2d 801).

We also find unpersuasive defendant's claim that he was denied effective assistance of counsel. The constitutional right of effective assistance of counsel is satisfied where " 'the evidence, the law, and the circumstances of a particular case, viewed in *totality and as of the time of representation*, reveal that the attorney provided meaningful representation' " (*People v Flores*, 84 NY2d 184, 187, quoting *People v Baldi*, 54 NY2d 137, 147 [emphasis in original]). Here, this test was satisfied since the record reveals that defendant's attorney was well prepared, made appropriate pretrial motions, conducted effective cross-examination of the People's witnesses that raised questions regarding their credibility and delivered cogent opening and closing statements (*see, People v Ryan*, 90 NY2d 822; *People v Parker*, 220 AD2d 815, 817, *lv denied* 87 NY2d 1023).

Mikoll, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.