■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUBERT W. CILBERG, Appellant. [680 NYS2d 697] —White, J. Appeal from a judgment of the County Court of Sullivan County (Meddaugh, J.), rendered March 18, 1996, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the fourth degree.

When the State Police responded on January 15, 1991 to a call reporting a shooting at a residence in the Town of Rockland, Sullivan County, they discovered that defendant's landlord had been fatally shot and that defendant had locked himself in an upstairs room. For approximately four hours thereafter the police negotiated with defendant, attempting to convince him to come out. Eventually, they forcibly entered the room and removed defendant to a State Police barracks where he was arrested. Following his appearance before the Grand Jury, defendant was indicted for the crimes of murder in the second degree and criminal possession of a weapon in the fourth degree. Prior to trial, defendant was found in December 1992 to be unfit to proceed (*see*, CPL 730.30) and was committed to the custody of the Commissioner of Mental Hygiene. Defendant was again found to be unfit in April 1993 and March 1994. Following an unchallenged finding in January 1995 that

he was fit to proceed, defendant's trial was held in March 1995. Despite his proffered defense of lack of criminal responsibility by reason of mental disease or defect (*see,* Penal Law § 40.15), the jury found defendant guilty on both counts of the indictment. After the trial defendant was found to be unfit, thereby delaying the imposition of the sentence to March 1996 when he was again deemed fit. Defendant now appeals.

Initially, defendant argues that because the People did not present expert testimony rebutting his psychiatric testimony, the jury's rejection of his defense is against the weight of the evidence. Under this standard of review, we view the evidence in a neutral light and we may draw inferences contrary to those implicitly drawn by the jury (*see, People v Acosta,* 80 NY2d 665, 672; *People v Moore,* 248 AD2d 755, *lv denied* 91 NY2d 1010). Our review power, however, is not unrestrained as we must accord great deference to the jury's opportunity to view the witnesses, hear the testimony and observe their demeanor (*see, People v Bleakley,* 69 NY2d 490, 495).

Applying these principles here, we find that the jury's determination was not against the weight of the evidence. As mentioned, defendant presented a forensic psychiatrist who opined that defendant suffered from paranoid schizophrenia which deprived him of substantial capacity to appreciate what he was doing and to appreciate the consequences of his actions. Contrary to defendant's claim, the jury was not obligated to accept this opinion provided a reasonable alternative conclusion is supported by other evidence (*see, People v Myers,* 220 AD2d 272, *lv denied* 87 NY2d 923; *see also,* 3 Bender's NY Evidence § 7.01 [8], at 7-47).

To counter defendant's proof, the People relied on the testimony of the police officers involved in the negotiations and interrogation of defendant on January 15, 1991. One officer testified that while defendant's conversation at times was bizarre, he was able to appropriately respond to his questions concerning the incident in a calm conversational tone. To illustrate, he related that defendant described the circumstances surrounding the crime and over the several hours of questioning formulated several exculpatory versions of the event. Based on their exposure to defendant, the officers opined that defendant's acts and statements impressed them as being rational. There was also evidence that when defendant purchased the murder weapon on December 8, 1990, he falsely certified on a Federal Firearms Transaction Record that he had never been adjudicated to be mentally defective or to have been in a mental institution. Inasmuch as expert psychiatric

testimony is not necessary to establish a person's mental state (*see, People v Clark*, 94 AD2d 846) and as the officers were competent to characterize defendant's acts as rational (*see,* Prince, Richardson on Evidence § 7-202 [m], at 450-451 [Farrell 11th ed]), the jury was entitled to reject the defense of lack of criminal responsibility since the People's evidence demonstrated that on January 15, 1991 defendant had a full understanding and appreciation of the nature and consequences of his act (*see, People v Smith*, 217 AD2d 221, 236, *lv denied* 87 NY2d 977).

Next, defendant argues that County Court erred in admitting evidence of the uncharged crime of perjury that he committed on December 8, 1990. We reject this argument. It is well settled that where evidence of a prior uncharged crime contains more probative value than risk of prejudice to a defendant, the evidence is admissible (*see, People v Chase*, 85 NY2d 493, 502). In this instance, the challenged evidence was admissible as it was relevant to establish intent and to rebut defendant's claim that he was legally insane at the time of the crime (*see, People v Santarelli*, 49 NY2d 241, 248; *People v Hubert*, 237 AD2d 756, *lv denied* 90 NY2d 859).

After defendant rested, a juror informed County Court that she had heard a fellow juror say "let's find this guy guilty and let's go home". County Court responded by conducting an in camera examination of each juror, which revealed that the comment was not heard by the other jurors and that the juror who purportedly made it denied doing so. Notably, each juror affirmed that he or she had not prejudged the case. As this record establishes that the comment did not prejudice a substantial right of defendant, County Court properly denied his motion for a mistrial (*see, People v Leonard*, 252 AD2d 740; *People v Gonzales*, 228 AD2d 722, *lv denied* 88 NY2d 1021).

While defendant's legal representation was not errorless, the circumstances of the case, viewed in totality as of the time of representation, disclose that his counsel pursued a reasonable and legitimate trial strategy and provided meaningful representation by making cogent opening and closing statements, raising appropriate objections, aggressively cross-examining witnesses and effectively presenting a plausible defense through the use of an expert witness (*see, People v Benevento*, 91 NY2d 708; *People v Snyder*, 240 AD2d 874, *lv denied* 91 NY2d 881; *People v Ackley*, 235 AD2d 633, *lv denied* 89 NY2d 983).

For these reasons, we affirm the judgment of conviction.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.