■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL F. WEAVER, Appellant. [753 NYS2d 781] —Appeal from a judgment of Wayne County Court (Kehoe, J.), entered November 8, 2001, convicting defendant after a jury trial of, inter alia, sodomy in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by directing that the terms

of imprisonment imposed on counts four and five of the indictment shall run concurrently to the terms of imprisonment imposed on counts one and two of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts each of rape in the third degree (Penal Law § 130.25 [former (2)] and sodomy in the third degree (§ 130.40 [former (2)]). We reject the contention of defendant that he was deprived of a fair trial when County Court allowed the prosecutor to ask allegedly leading questions and refused to allow defendant to testify further with respect to the victim's alleged drug use in attempting to impeach the victim's credibility. The determination whether to allow leading questions is within the sound discretion of the court (*see People v Rodriguez*, 284 AD2d 952, *lv denied* 96 NY2d 924), and here there is no showing that the court abused its discretion (*see People v Cuttler*, 270 AD2d 654, *lv denied* 95 NY2d 795). We further conclude that the court properly exercised its discretion in limiting defendant's testimony with respect to the victim's alleged drug use, which concerned the collateral issue of the victim's credibility (*see generally People v Davis*, 43 NY2d 17, 26-27, *cert denied* 435 US 998, *rearg dismissed* 61 NY2d 670; *People v Nicholson*, 269 AD2d 868, 869, *lv denied* 95 NY2d 907). Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's contentions, the jury was entitled to assess the credibility of the witnesses and to credit certain parts of the victim's testimony while rejecting other parts (*see e.g. People v Vaughn*, 291 AD2d 915, 916, *lv denied* 97 NY2d 762; *People v Green [Scott]*, 219 AD2d 856, 856-857). We agree with defendant, however, that the sentence is unduly harsh and severe. We therefore modify the judgment as a matter of discretion in the interest of justice by directing that the terms of imprisonment imposed on counts four and five of the indictment shall run concurrently to the terms of imprisonment imposed on counts one and two of the indictment (*see* CPL 470.15 [6] [b]; *see e.g. People v Pastorius*, 272 AD2d 944, *lv denied* 95 NY2d 907). We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.