Matter of Sheltering Arms Children's Servs. v Yiweiz. (2026 NY Slip Op 01146)

Matter of Sheltering Arms Children's Servs. v Yiweiz.

2026 NY Slip Op 01146

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Kennedy, J.P., Scarpulla, Kapnick, González, Rodriguez, JJ. 

Docket No. B-00829/23|Appeal No. 5939|Case No. 2025-02812|

[*1]In the Matter of Sheltering Arms Children's Services, Petitioner-Respondent
vYiweiz., et al., Respondents-Respondents, Maricely T., Respondent-Appellant.

Fink & Katz PLLC, New York (Philp Katz of counsel), for appellant.
Leventhal Mullaney & Blinkoff, LLP, Roslyn (Jeffrey Blinkoff of counsel), for Sheltering Arms Children's Services, respondent.
Dawne A. Mitchell, The Legal Aid Society (Claire V. Merkine of counsel), attorney for the child.

Order, Family Court, New York County (Stephanie Schwartz, J.), entered on or about May 6, 2025, which determined that respondent mother's counsel was precluded from asking leading questions in his cross-examination of the mother, whom the petitioner agency called as a witness on its direct case against the mother, unanimously affirmed, without costs.
While the subject order is not appealable as of right (Family Court Act § 1112[a]) because this case is based on permanent neglect, and a potential finding of permanent neglect would constitute a permanent and significant stigma that may impact the mother's status in future proceedings, we deem the notice of appeal to be a request for leave to appeal, and grant the request (see Matter of Nekia C. [Kevin E.C. — Laurel S. McC.], 155 AD3d 431, 432 [1st Dept 2017]).
Family Court providently exercised its discretion in precluding the mother's counsel from cross-examining her after petitioner agency called her as a witness on its case-in-chief. Trial courts have well-established and broad authority to control courtroom proceedings (see Jackson v Montefiore Med. Ctr., 109 AD3d 762, 763 [1st Dept 2013], lv denied, 22 NY3d 858 [2013]), including witness examination (see People v Weaver, 302 AD2d 872, 873 [4th Dept 2003], lv denied 99 NY3d 633 [2003]). When an adverse party is called as a witness on the other party's case in chief, the court may permit the use of leading questions against that witness upon a showing of hostility, adversity, evasiveness or uncooperativeness (see Matter of Maria A.M. v Dextor N., 95 AD3d 578, 579 [1st Dept 2012]; Matter of Giaquinto, 164 AD3d 1527, 1530—1531 [3d Dept 2018], affd 32 NY3d 1180 [2019]).
Here, although the agency called the mother as an adverse witness and was permitted to ask leading questions, the mother's counsel made no showing that the mother would be hostile, evasive, or biased against her own counsel. Accordingly, the rationale underlying the use of leading questions — the need to control a reluctant or adverse witness — was entirely absent during counsel's examination of his own client.
Further, counsel was free to call the mother on her direct case. We have reviewed the mother's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026