■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LIVIERI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered October 2, 1989, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial,

after a hearing (Groh, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony

Ordered that the judgment is affirmed.

At the hearing, proof was adduced that the defendant had initially robbed the complainant in or about 1986. Three years later the defendant entered the complainant's real estate office. The defendant told the complainant that he had a gun, took currency from her purse, and attempted to remove a ring from her finger. The complainant told the investigating officer the defendant's name and stated that he had robbed her three years earlier. The complainant viewed a photographic array of over 400 males and selected the defendant. She then identified the defendant at a lineup held shortly after his arrest several days later.

The findings of the hearing court are to be accorded great deference and should not be set aside on appeal unless clearly erroneous *(see, People v Prochilo,* 41 NY2d 759). That the defendant was selected from a book containing photographs of over 400 males supports the hearing court's determination that the array was not unduly suggestive *(see, People v Wiredo,* 138 AD2d 652; *People v Jerome,* 111 AD2d 874).

There is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance. It is enough if there is a sufficient degree of resemblance between the fillers and the defendant *(see, People v Allah,* 158 AD2d 605). As there has been no showing that the defendant differed significantly from the fillers, the defendant's claim that the lineup identification should have been suppressed is without merit.

Finally, as there is no Federal or State constitutional right to counsel for an accused at a pre-indictment lineup *(see, People v Hernandez,* 70 NY2d 833), it was not improper to hold a lineup without the defendant's counsel present. Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.