◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH JOHNSON, Appellant. [597 NYS2d 92] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Levine, J.), both rendered June 6, 1991, convicting him of criminal possession of a weapon in the third degree under Indictment No. 7735/90, and criminal possession of a controlled substance in the fifth degree under Indictment No. 14324/90, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention that the court erred in conducting a limited inquiry of the impanelled jurors in his absence is without merit. The presence of defense counsel when the jurors were separately asked whether they saw the defendant in handcuffs being led down the court's hallway, and whether they discussed the defendant's presence in the hallway with

other jurors, was sufficient to protect the defendant's interests *(see, People v Torres,* 80 NY2d 944; *People v Mullen,* 44 NY2d 1; *People v Lawrence,* 176 AD2d 965).

The defendant's contention that there was not legally sufficient evidence to support his conviction of criminal possession of a controlled substance in the fifth degree is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, this contention is without merit. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The People offered evidence that the voucher number on the chemist's report stating that the vials examined contained a specified amount of cocaine matched the voucher number of the items recovered from the defendant. Furthermore, the People's witness testified that the bags offered into evidence were in the same or substantially the same condition as when he vouchered them *(see, People v Donovan,* 141 AD2d 835).

The defendant contends that the jury's finding of guilt on both counts was not supported by the weight of the evidence because one of the People's witness was not reliable. The defendant claims that the witness was not reliable, *inter alia,* because it was dark when the witness made the observations, the observations were implausible, and the testimony contained mistakes. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.05 [2]). Balletta, J. P., Miller, Ritter and Santucci, JJ., concur.