■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH EDWARDS, Appellant. [604 NYS2d 322] —Yesawich Jr., J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered May 20, 1992, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (two counts).

On January 15, 1992, in the course of an apparently large scale narcotics investigation, Brian Robertson, an undercover police officer, purchased a $20 bag of crack cocaine on a street in the City of Kingston, Ulster County. Immediately thereaf-

ter, Robertson met Detective Timothy Matthews at a prearranged location, and identified defendant as the person from whom he had obtained the cocaine, after selecting his photograph from a "mug book" containing over 300 pictures. Two days later, Robertson purchased another $20 worth of crack from defendant, and on a third occasion, in February of that year, defendant offered to sell him "boulders", larger amounts of crack cocaine. These events led to defendant's arrest and trial—at which the defense advanced was mistaken identification—and conviction on the five counts for which he was indicted. Defendant was sentenced to concurrent indeterminate terms of incarceration of 6 to 12 years on each conviction.

Defendant contends that the photo identification procedure employed was impermissibly suggestive, and also that certain inconsistencies between Robertson's description of the suspect and defendant's actual physical attributes, particularly his height, rendered Robertson's in-court identification incredible as a matter of law.

Although Robertson did not testify at the *Wade* hearing, the testimony of Matthews, who was present when the "mug book" selection was made, established that Robertson culled defendant's photograph from several hundred similar pictures of Black males over the age of 30, with no suggestion or prompting of any kind. This provides ample basis for County Court's determination that the procedure was not unduly suggestive *(see, People v Livieri,* 171 AD2d 815, 816, *lv denied* 78 NY2d 924). And as for defendant's assertion that it would have been impossible or impractical for Robertson to have viewed over 300 photographs while sitting in his vehicle several blocks from the scene of the first sale, and therefore that the identification must have necessarily been the product of improper suggestion, we are simply not persuaded.

The out-of-court identification not being unduly suggestive, it alone constituted adequate support for Robertson's in-court identification *(see, People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833), which, in combination with the remainder of the People's proof, provides ample basis for the verdicts. The discrepancies between Robertson's initial description of the suspect and defendant's actual characteristics, particularly his height, impacted primarily on Robertson's credibility, and the weight to be given his identification testimony, matters within the jury's province *(see, e.g., People v Johnson,* 192 AD2d 674). Given the circumstances underlying Robertson's identification, including the fact that he had met with defen-

dant on three separate occasions, in broad daylight, and had a four or five minute conversation with him at the last meeting, we cannot subscribe to defendant's suggestion that the jury "failed to give the evidence the weight it should be accorded" *(People v Bleakley,* 69 NY2d 490, 495).

Nor is there substance to defendant's argument that he was improperly excluded from the questioning of two seated jurors. During the trial, and before the matter was given to the jury for deliberation, County Court was informed that two jurors may have seen defendant in shackles in a courthouse hallway. The jurors were thereupon briefly questioned in chambers, in the presence of both the prosecutor and defense counsel. One juror responded that she had not seen defendant in the hall, and the other stated that he had not noticed any restraints, but that even if he had, it would have no bearing on his verdict. Defendant maintains that this questioning outside of his presence violated his right to be present at every material stage of the trial.

Such questioning, as the Court of Appeals recently noted, does not constitute a "core segment" of the trial, and therefore does not warrant reversal, unless defendant's absence therefrom "might have had an effect on the opportunity to defend" *(People v Aguilera,* 82 NY2d 23, 34). Here, as in *People v Aguilera (supra),* defense counsel was present for the questioning, and was afforded an opportunity to move for the juror's disqualification, a matter "necessarily delegated to counsel" *(supra,* at 34); defense counsel's presence during the extremely brief in chambers interrogation ensured defendant's interests were protected *(see also, People v Mullen,* 44 NY2d 1, 5-6; *People v Johnson, supra).*

We have considered defendant's other arguments and find them either to be lacking in merit or unpreserved for review.

Weiss, P. J., Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed.