■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL WIMBUSH, Appellant. [620 NYS2d 999] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered December 17, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The findings of the hearing court are to be accorded great deference and should not be set aside on appeal unless clearly erroneous (see, People v Prochilo, 41 NY2d 759). Here, the hearing testimony established that the undercover officer who acted as the purchaser in the narcotics transaction selected the defendant's photograph, without prompting, from a book containing mug shots of 200 black males. Thus, the evidence supports the hearing court's determination that the array was not unduly suggestive (see, People v Edwards, 199 AD2d 574; People v Livieri, 171 AD2d 815, 816).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Balletta, Friedmann and Krausman, JJ., concur.