THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARQUELIO GONZALES, Appellant. [643 NYS2d 707] —White, J.

During the voir dire of the venirepersons, Arthur De Palma, a former policeman employed by the City of Amsterdam in Montgomery County, indicated that he did not know defendant. When the jury was deliberating, De Palma was overheard telling another juror, Henry Di Caterino, that "I've known Arguelio since way back, and he can lie with the best of them, he can lie with a straight face". The day after the jury's verdict, a juror, James Louison, related De Palma's statement to the District Attorney and defendant's attorney, who initiated a motion pursuant to CPL 330.30 (2). At the conclusion of an evidentiary hearing County Court denied the motion, prompting this appeal.

A motion to set aside a verdict under CPL 330.30 (2) may be granted where it is shown that improper conduct by a juror prejudiced a substantial right of the defendant (see, People v Irizarry, 83 NY2d 557, 561; People v Clark, 81 NY2d 913, 914). Defendant contends that his motion should have been granted because he was denied a fair and impartial jury by De Palma's improper conduct in failing to reveal at voir dire that he knew him.

It is fundamental that an accused person is entitled to be tried by a fair and impartial jury since the protections afforded an accused at trial are of little value where the jury is not free from bias (see, People v Blyden, 55 NY2d 73, 76; People v

*Branch*, 46 NY2d 645, 652). As we begin our consideration of whether defendant was denied this right, we note that County Court's determination of this issue is entitled to great weight (*see*, *People v Albert*, 206 AD2d 320, 323, *affd* 85 NY2d 851).

Aside from De Palma's statement, which he denies making, there is nothing in the record demonstrating that he knew or had contact with defendant prior to the trial. While defendant intimates that De Palma came into contact with him when De Palma was a policeman in Amsterdam, the documentary evidence discloses that defendant was not arrested in Amsterdam during De Palma's tenure as a policeman. Thus, there is no factual substantiation for De Palma's assertion that he knew defendant or for defendant's claim that De Palma was not forthright in his replies on voir dire (*compare*, *People v Timmons*, 175 AD2d 10, *lv dismissed* 78 NY2d 975 [where independent proof was adduced establishing juror misconduct]).

Accordingly, it appears that De Palma's statement was hyperbole he employed in an attempt to persuade Di Caterino to accept his belief that defendant was guilty. The question now becomes whether this was improper influence sufficient to impeach the jury's verdict. Our analysis of this issue is not guided by a bright line rule; rather, we must examine the facts to determine the nature of the matter placed before the jury and the likelihood that prejudice would be engendered (*see*, *People v Brown*, 48 NY2d 388, 394).

In other instances, courts have found improper influence sufficient to impeach a jury's verdict where jurors made an unauthorized visit to the crime scene and where the results of a juror's independent research were presented to the jury (*see*, *People v Stanley*, 87 NY2d 1000; *People v Crimmins*, 26 NY2d 319, 323-324; *People v Thomas*, 184 AD2d 1069, *lv denied* 80 NY2d 934). At the other end of the spectrum the deliberative process was found not to have been tainted where a juror related to other jurors a conversation involving a witness she overheard in the courthouse elevator and where a juror stated that a witness had been his student, as it was found in these cases that the jury's impartiality had not been compromised (*see*, *People v Turner*, 210 AD2d 445, 446, *lv denied* 85 NY2d 915; *People v Albert*, *supra*, at 323).

At the evidentiary hearing herein, it developed that De Palma was speaking only to Di Caterino and that his statement was inadvertently overheard by only one other juror, James Louison. Both jurors testified that De Palma's statement played no part in their decision-making process and that they predicated their verdicts solely upon the trial testimony.

Taking into account the fact that De Palma's statement was not propounded to the entire jury or to a lone holdout and that the two jurors who heard it were unaffected, we conclude, as did County Court, that defendant was not prejudiced by De Palma's isolated comment. Hence, there is no reason to disturb County Court's determination that the verdict should not be set aside (*see, People v Simon,* 224 AD2d 458).

Lastly, in light of defendant's status as a second felony offender and his extensive criminal history going back to 1969, the indeterminate sentence of imprisonment of 10 to 20 years imposed upon him is not harsh or excessive (*see, People v Morales,* 221 AD2d 271, 272, *lv denied* 87 NY2d 975).

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.