■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHBU LEONARD, Appellant. [677 NYS2d 639] —Graffeo, J. Appeal from a judgment of the County Court of Ulster County (Lamont, J.), rendered May 3, 1996, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

In February 1995, an undercover State Police Investigator, Michael Bryan, purchased a substance later determined to be crack cocaine from an individual in the City of Kingston, Ulster County. After Bryan completed the transaction, he provided a description of the individual over a hidden one-way radio trans-

mitter he was wearing at the time of the transaction. Thereafter, Bryan identified defendant from a "mug book" as the person from whom he had obtained the cocaine. In April 1995, defendant was arrested during a sweep operation. He was indicted on two counts, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. Following a jury trial defendant was found guilty of the charges and was sentenced as a second felony offender to concurrent terms of imprisonment of 7 to 14 years on each count.

On this appeal, defendant contends that County Court should have set aside the guilty verdict and ordered a new trial based on a juror's alleged misconduct. After the presentation of proof at trial, but prior to the reading of the jury's verdict, defense counsel moved for a mistrial upon hearing that a juror intimated to a court attendant that she was uncomfortable with defendant knowing her name. Since the jury's deliberations were completed, the court and the attorneys agreed to have the verdict read and then, if necessary, conduct an inquiry into the nature of the juror's conduct. After rendering the verdict, County Court questioned, in camera, the juror and the jury foreperson with the prosecutor and defense counsel present. The juror acknowledged making a generalized statement that she questioned why defendant should be allowed to hear the jurors' names during jury selection. The foreperson of the jury confirmed that as they were returning to the courtroom after deliberations, the juror in question made a comment regarding the revelation of jurors' names. He also stated that the comment had no effect on the deliberations.

Pursuant to CPL 330.30 (2), a court may set aside a verdict if during the trial there occurred improper conduct by a juror "which may have affected a substantial right of the defendant". It is axiomatic that "[a]bsent a showing of prejudice to a substantial right, however, proof of juror misconduct does not entitle a defendant to a new trial" (*People v Irizarry*, 83 NY2d 557, 561). Further, each instance of juror misconduct must be analyzed with respect to its particular facts and great deference should be provided to the trial court's determination (*see, id.*, at 561; *People v Clark*, 81 NY2d 913; *cf., People v Albert*, 206 AD2d 320, *affd* 85 NY2d 851). Here, it is evident that no substantial right of defendant was prejudiced. Based on County Court's in camera inquiry of the juror, court attendant and jury foreperson, the court appropriately determined that the juror's statement was not prejudicial and had no effect on deliberations or the verdict (*see, People v Gonzales*, 228 AD2d 722, *lv denied* 88 NY2d 1021).

We find defendant's contention that County Court should have suppressed Bryan's mug book identification to be unavailing. Bryan identified defendant's "mug shot" from approximately 600 photos of black males aged 16 to 29 years, less than 1½ hours subsequent to the drug transaction which occurred in broad daylight. The record does not indicate that Bryan was prompted in his selection and, therefore, the circumstances surrounding the mug book identification were not prejudicial or unduly suggestive (*see, People v Edwards*, 199 AD2d 574, *lv denied* 83 NY2d 804; *People v Livieri*, 171 AD2d 815, *lv denied* 78 NY2d 924). Accordingly, County Court's determination to allow Bryan's identification was proper (*see, People v Sierra*, 167 AD2d 765, *lv denied* 77 NY2d 882).

Defendant also asserts that the identification portion of the audiotape should not have been played for the jury. Although the People acknowledged that some portions of the tape were inaudible, the only portion of the tape utilized at trial was the segment in which Bryan gave a description of defendant. Since defendant consented to the admission of the descriptive portion of the tape, this issue has not been preserved for review (*see, People v Garcia*, 83 NY2d 817; *People v Payne*, 233 AD2d 787). In any event, there is no indication that the descriptive portion of the tape was inaudible and, therefore, it was properly admitted (*cf., People v Ashford*, 190 AD2d 886, *lv denied* 81 NY2d 1069).

Defendant's position that Bryan's testimony with respect to observations of defendant after the drug transaction should not have been admitted is without merit. The record established that Bryan's two subsequent undercover observations of defendant were happenstance and not a police-arranged identification procedure. Therefore, notice pursuant to CPL 710.30 was not necessary (*see, People v Richardson*, 212 AD2d 743, *lv denied* 85 NY2d 942; *People v Peterson*, 194 AD2d 124, *lv denied* 83 NY2d 856).

We have considered the remaining contentions of defendant and find them to be without merit.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.