■ The People of the State of New York, Respondent, v Paul J. Cipriani, Also Known as Charles V. Cipriani, Appellant. [701 NYS2d 127] —Spain, J. Appeal from a judgment of the County Court of Fulton County (Giardino, J.), rendered February 4, 1998, upon a verdict convicting defendant of the crimes of driving while intoxicated (two counts) and criminal impersonation in the second degree.

Following a jury trial, defendant was convicted as charged on two felony counts of driving while intoxicated (*see,* Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c]) and one count of criminal impersonation in the second degree. Defendant's motion to set aside the verdict was denied. As a result, defendant's driver's license was revoked, he was fined $1,000 and sentenced to concurrent terms of imprisonment, the maximum of which is 1⅓ to 4 years. Defendant now appeals and we affirm.

Defendant's initial contention is that he was denied a fair trial by an impartial jury when, during a break in the trial, the prosecutor and high school students in the courtroom waved to each other in the presence of the jury. Defendant did not raise an objection to this incident at the time it allegedly occurred and the incident is not reflected in the trial record. Defendant first raised this issue in his unsuccessful *pro se* CPL 330.30 motion to set aside the verdict prior to sentencing. Although the People dispute that this occurred in front of the jury, they did not formally oppose defendant's motion. Defendant asserted in his CPL 330.30 motion, *inter alia*, that the exchange of waves enhanced the prosecutor's credibility and, presumably, that of the People's witnesses, and decreased the "outlook" of the defense.

---

County Court, by written decision and without a hearing, denied defendant's motion. The court found, *inter alia*, that defendant failed to allege sufficient grounds to support his motion (*see*, CPL 330.40 [2] [e]) in two respects: (1) because, even if the waving incident occurred as alleged in the presence of the jury, this was not proof of juror misconduct or misconduct involving a juror (*see*, CPL 330.30 [2]), and (2) because the incident was known to defendant prior to the verdict and he waited until after the verdict to raise this issue he failed to timely raise it (*see*, CPL 330.30 [2]).

Defendant now argues that his motion should have been granted pursuant to CPL 330.30 (1). However, this alleged incident does not appear on the record and, thus, CPL 330.30 (1) does not apply. In any event, upon our review we conclude that, even assuming that defendant's description of the incident is accurate, there is no likelihood that the jury was prejudiced or that this isolated exchange of gestures worked to deprive defendant of a fair trial by an impartial jury (*see*, *People v Huntley*, 43 NY2d 175, 183; *see also*, *People v Irizarry*, 83 NY2d 557, 561; *People v Rodriguez*, 71 NY2d 214, 218-220; *People v Brown*, 48 NY2d 388, 394; *People v Gonzales*, 228 AD2d 722, *lv denied* 88 NY2d 1021). No fundamental right of defendant was implicated (*cf.*, *People v Antommarchi*, 80 NY2d 247) and defendant did not register a timely protest so that a curative instruction, if at all appropriate in County Court's discretion, could be given (*see*, *People v Padro*, 75 NY2d 820).

According great deference to County Court's determination, we conclude that County Court properly denied defendant's CPL 330.30 motion (*see*, *People v Leonard*, 252 AD2d 740, 741, *lv denied* 92 NY2d 983; *People v Gonzales*, *supra*, at 723). Further, we find no merit whatsoever to defendant's contention that defense counsel's failure to object to this alleged isolated gesture deprived him of the effective assistance of counsel (*see*, *People v Flores*, 84 NY2d 184, 186-189; *People v Hobot*, 84 NY2d 1021, 1024). Indeed, a review of the trial record reveals that defense counsel provided defendant with meaningful representation (*see*, *People v Benevento*, 91 NY2d 708, 712; *People v Baldi*, 54 NY2d 137, 146).

Defendant also contends that the People failed at the *Huntley* hearing (*see*, *People v Huntley*, 15 NY2d 72) to establish the voluntariness of his statements to police beyond a reasonable doubt and, thus, County Court erred in denying his motion to suppress them. Specifically, defendant argues that a discrepancy between the arresting officer's *Huntley* testimony and his supporting deposition and bill of particulars regarding where

he interrogated defendant and whether he did so before or after he administered *Miranda* warnings to defendant precluded County Court's conclusion that there was no pre-*Miranda* custodial questioning of defendant. We disagree.

After a full hearing, County Court in a written decision determined that the challenged statements were made at the police station and were admissible because defendant had been properly advised of his *Miranda* rights which he voluntarily and knowingly waived. The court credited the arresting officer's *Huntley* testimony and concluded that, notwithstanding his confusion regarding times, the officer clearly testified regarding the sequence of events pertaining to *Miranda* warnings and questioning defendant. The court also ruled that defendant's prearrest statements at the scene were admissible as responses to noncustodial investigatory questioning. The factual findings of the suppression court crediting the arresting officer's suppression testimony which clarified mistakes in his prior paper work are entitled to great weight; they will not be disturbed where, as here, they are supported by the testimony and evidence at the suppression hearing and are not clearly erroneous (*see, People v White,* 261 AD2d 653, 654; *People v Gagliardi,* 232 AD2d 879, 880). Despite defendant's contentions, we find ample support in the record for County Court's refusal to suppress these statements (*see, People v White, supra,* at 655).

We have considered defendant's remaining contentions and find them to be without merit.

Crew III, J. P., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.