■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER CORINES, Appellant. [764 NYS2d 117] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blackburne, J.), rendered February 5, 2001, convicting him of unauthorized practice of medicine (four counts), upon a jury verdict, and imposing sentence. By decision and order of this Court dated June 10, 2002 [295 AD2d 445], the matter was remitted to the Supreme Court, Queens County, to hear and report on the defendant's motion pursuant to CPL 330.30 to set aside the verdict on an allegation of juror misconduct and the matter was held in abeyance. The Supreme Court has now submitted its report. Justice Altman has been substituted for the late Justice O'Brien *(see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court's determination, made after a hearing on remittitur, that there was no juror misconduct warranting reversal, is supported by the record *(see* CPL 330.30 [2]; *People v Clark,* 81 NY2d 913 [1993]; *People v Leonard,* 252 AD2d 740 [1998]). The defendant failed to establish that one of the jurors conducted a personal specialized assessment not within the common ken of juror experience and knowledge concerning a material issue in the case, and communicated that allegedly expert opinion to the rest of the jury panel with the force of private, untested truth as though it were evidence *(see People v Arnold,* 96 NY2d 358 [2001]; *People v Camacho,* 293 AD2d 876 [2002]; *cf. People v Maragh,* 94 NY2d 569 [2000]).

The defendant also contends that the evidence was legally insufficient to support the verdict. Viewing the evidence in the light most favorable to the prosecution *(see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence adduced at trial demonstrated that the codefendant,

Ana Marie Santi, practiced medicine without a license in violation of Education Law § 6512 (1) by administering anesthesia to three patients in the care of the defendant, a duly-licensed physician who was her employer, and that the defendant was aware that Santi was a suspended doctor, and aided and abetted Santi in her unlicensed practice of medicine (*see People v Varas,* 110 AD2d 646, 648 [1985]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Altman, J.P., Smith, H. Miller and Cozier, JJ., concur.