■ The People of the State of New York, Respondent, v Ana Marie Santi, Appellant. [764 NYS2d 193] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blackburne, J.), rendered February 5, 2001, convicting her of unauthorized practice of medicine (four counts), upon a jury verdict, and imposing sentence. Justice Altman has been

substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court's determination, made after a hearing on remittitur, that there was no juror misconduct warranting reversal, is supported by the record (*see* CPL 330.30 [2]; *People v Clark,* 81 NY2d 913 [1993]; *People v Leonard,* 252 AD2d 740 [1998]). The defendant failed to establish that one of the jurors conducted a personal specialized assessment not within the common ken of juror experience and knowledge concerning a material issue in the case, and communicated that allegedly expert opinion to the rest of the jury panel with the force of private, untested truth as though it were evidence (*see People v Arnold,* 96 NY2d 358 [2001]; *People v Camacho,* 293 AD2d 876 [2002]; *cf. People v Maragh,* 94 NY2d 569 [2000]).

The defendant contends that the evidence was legally insufficient to sustain the jury verdict. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence adduced at trial demonstrated that the defendant practiced medicine without a license in violation of Education Law § 6512 (1) by administering anesthesia to three patients in the care of her employer, the codefendant, Peter Corines (*see People v Varas,* 110 AD2d 646, 648 [1985]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Altman, J.P., Smith, H. Miller and Cozier, JJ., concur.